No. 5775.

GULF, COLORADO & SANTA FE RALWAY COMPANY v. ELIAS A. MOORE.

1. RAILWAY COMPANY—PRINCIPAL AND AGENT.—A corporation is not liable for the malicious acts of its employe, unless by its subsequent conduct they are ratified by it with knowledge of the facts.
2. NEGLIGENCE.—Whether in a given case one seeking to recover damages for an injury caused by the negligence of another has been guilty himself of contributory negligence, must, as a general rule, be determined by the jury.
8. RES GESTÆ—DECLARATIONS.—The declaration of a third party relative to the facts connected with an accident resulting in damage to plaintiff who sues to recover damages, when made ten minutes after the accident by the narrator, who was present with the plaintiff when the damage was inflicted, are not admissible as part of the res gestæ. Neither can they be received as implied admissions by the plaintiff, who was present when they were made and did not contradict them, he being unconscious at the time.

APPEAL from Johnson. Tried below before the Hon. J. M. Hall.

This suit was brought by Moore to recover damages for injuries caused both to person and property by the moving train of the appellant. His hack was destroyed, and two horses, he alleges, were killed, and he severely injured and his health impaired. The injury happened at a railway crossing, and it was charged that the proper signals were not given from the locomotive before the crossings were reached by the train. The charges and ruling of the court excepted to are sufficiently apparent from the opinion. The declarations objected to were made at a time when the plaintiff, though present, was either unconscious or in condition not to heed or understand what was said, and were made about ten minutes after the accident. The plaintiff and the witness were in the hack when the collision occurred, and the object of the question was to show the declarations of the witness made ten minutes after the injury, to the effect that the whistle of the locomotive and the bell were heard, but they thought they could cross the track in time.

*Tillman Smith*, **for** appellant: On his proposition that gross negligence, to be a ground for exemplary damages, should be that entire want of care which would raise the presumption of conscious indifference to consequences. Such indifference as is morally criminal, and if it leads to actual injury may well be regarded as criminal in law. A mere act of omission or non-performance, to be punished by exemplary damages, should reach the border of a quasi criminal act of commission, or malfeasance, cited Cotton Press Company v. Bradley, 52 Texas, 600; Railroad Company v. Arno, 1 Otto, 495; Shearman & Redfield on Negligence, section 600; Western Union Telegraph Company v. Eyrer, 91 United States, 495, Kansas Pacific Railroad Company v. Luntun, 3 California, 94; Gulf, Colorado & Santa Fe Railway Company v. Levy, 5 Texas Law Review, page 233, number 16.

On his proposition that a corporation is not liable for exemplary damages unless the corporation, that is, its chief executive officer, is guilty of wrong or gross negligence. Negligence of an employe is not sufficient to warrant a verdict of exemplary damages, he cited Galveston, Harrisburg & San·Antonio Railway v. Donahue, 56 Texas, 162; Western Union Telegraph Company v. Brown, 58 Texas, 174; Western Union Telegraph Company v. Daniel, 61 Texas, 456; Cleghorn v. New York Central Railroad, 56 New York, 444; Cleghorn v. New York Central Railroad, 6 American and English Railroad Cases, 179; U. & C.

Railroad v. Storms, 9 Henkle, 52; 19 American Reports, 280; Chicago, etc., Railroad v. Scurr, 59 Mississippi, 456; Chicago, etc., Railroad v. Scurr, 6 American and English Railroad Cases, 341;

*Poindexter & Padelford,* for appellee: On their proposition that the statements of the witness Reedy, which appellant proposed to prove by the witness Matt Dillon, were not declarations made in the heat of the emergency, and therefore part of the res gestæ; but they were statements made after the collision, to Dillon, in a private conversation, and were narrative of a past event and conversation, which Reedy should have had with appellee before the collision, and were purely hearsay, cited 1 Wharton on Evidence, 267; Luby v. Hudson River Railroad Company, 17 New York, 131; Whitiker v. Avenue R Railroad Company, 51 New York, 299; Norwich Transportation Company v. Flint, 13 Wallace, 3.

That the special charge asked and refused was not the law applicable to the facts, for the reason that the question as to whether there was or was not contributory negligence on the part of appellee was one for the jury alone, and which was purposely submitted to them, they cited Houston & Great Northern Railroad v. Parker, 50 Texas, 330; Galveston, Harrisburg & San Antonio Railway Company v. LeGierse, 51 Texas, 189; Ernst v. Hudson River Railroad Company, 35 New York, 38; Beiseigel v. New York Central Railroad, 34 New York, 622; Feler v. New York Railroad Company, 49 New York, 47.

On the charge of the court they cited Houston & Texas Central Railway Company v. Gorbett, 49 Texas, 573; Houston & Texas Central Railway Company v. Crain, 49 Texas, 341; Houston & Great Northern Railroad Company v. Parker, 50 Texas, 330; Railroad Company v. Wilson, 60 Texas, 142.

COLLARD, JUDGE. The fifth paragraph of the court's charge is incorrect, and the error assigned is palpable. Since the case of Hays v. The Houston & Great Northern Railroad Company (46 Texas, 272), there has never been a doubt of the law. A corporation is no more liable for the malicious acts of its employe or servant than an individual would be. The unauthorized malicious acts of the agent of a person or corporation will not render the principal liable for exemplary damages, unless the same are ratified by the principal, with full knowledge of the facts. (Galveston, Harrisburg & San Antonio Railway Company v. Donahoe, 56

Texas, 163; Jacobs, Bernheim & Co. v. Crum, 66 Texas, 401; Heidenheimer v. Sides, 67 Texas, 34, 35.

Negligence is generally a fact to be found by the jury. When a duty is required by law, the omission of which causes damages for which an action is maintainable, the omission is negligence; but as to whether there is negligence in a particular case causing injury, should generally be left to the jury. Contributory negligence is no exception to the rule. It would have been improper for the court to have instructed the jury, if they found the facts assumed in the special charge asked by the defendant, that it would be exonerated from liability. Whether the existence of such facts constituted negligence on the part of plaintiff and whether they contributed to the injury complained of, were not questions for the court to decide; they were questions that should have been left to the jury, as well as the existence of the facts themselves: (Houston & Texas Central Railway v. Wilson, 60 Texas, 143; Texas & Pacific Railway Company v. Levi, 59 Texas, 675.) We therefore find there was no error in the refusal of the court to give the charge asked.

There was no error in sustaining the objections made to questions propounded to Matt Dillon, as shown by bills of exceptions. He was asked to state what another man said (who was with plaintiff at the time of the accident) after the accident (the court says ten minutes after) going to show that plaintiff heard the whistle and the ringing of the bell; or, as stated in a different form in another bill of exception, "if one Reedy, who was with plaintiff, did not say after the collision, in plaintiff's presence, that he and plaintiff heard the bell and the whistle, but thought they could make the crossing before the train passed it;" the declaration ten minutes after the accident, according to the qualification made by the judge.

The presence of the plaintiff could not affect the admissibility of the evidence; he was unconscious, could not hear the remark, and of course could not deny it. The declaration was not a part of the res gestæ it was a mere narration of a past event, and was in no other way connected with it. Reedy could have testified to the fact if it was true; or if he had been called as a witness and denied saying it, he could have been impeached by the proposed declaration. We are unable to see how it could have been admitted as original evidence. The declarations of strangers are sometimes admissible, but they should be shown to be a part of the *thing done*, contemporaneous with it, or so con-

nected with it as to give it character; they should amount to verbal acts, that could be attributed to the party whose acts or conduct they explain. (1 Greenleaf on Evidence, 108 and following to 111; 1 Wharton's Law of Evidence, 258, 259 and 260. 261, 262; Abbott's Trial Evidence, pages 588, 589.) It is unnecessary to notice other errors assigned. For the error found in the charge of the court upon exemplary damages, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 18, 1887.