ARTHUR LITTLE v. H. S. RICH ET AL.

Decided April 17, 1909.

**1.—Evidence—Malice—Principal and Agent.**

The principal is not responsible for the personal malice of his agent, and expressions made by the agent indicating malice in the absence of the principal, are not admissible to show the motive of the principal.

**2.—Same—Act of Deputy Sheriff.**

Where a sheriff and others were sued for false imprisonment and malicious prosecution, a letter written by the office deputy of the sheriff in the latter's name, inclosing a capias for the arrest and indicating malice toward the plaintiff, in the absence of the sheriff, was not admissible in evidence, though such deputy had general authority to sign the sheriff's name to correspondence, and had been directed by the sheriff to send the capias, the deputy himself not being a party of the suit, nor charged by the pleadings with being an agent or concerned in the arrest or prosecution.

**3.—Same—Memorandum—Refreshing Memory.**

When a memorandum is used to refresh the memory of a witness, and its contents has no bearing on the issue in the case, and the veracity of the witness is not attacked, the memorandum itself is properly excluded.

**4.—Arrest—Unlawful Arrest—Warrant—Statute.**

A warrant for an arrest for a felony issued by a justice of the peace in Ellis County and directed to the sheriff or any constable of that county, conveyed to the officers of that county authority to make arrest within the limits of that county only, and an arrest thereunder made in Grayson County, without the provisions of the statute (Code Crim. Proc., art. 259) having been complied with, was unlawful, and the officers making the arrest and those who instigated it could not defend their action by virtue of such warrant,

**5.—Arrest under Indictment—Malicious Prosecution—Probable Cause—Cases Approved.**

Where the evidence, in an action for malicious prosecution, tends to show that the defendants participated in securing the indictment, and were actuated by malice and having no reasonable grounds for believing that the plaintiff was guilty of the offense charged, the issue is for the jury. On question of probable cause, see Landa v. Obert, 45 Texas, 539; McManus v. Wallis, 52 Texas, 534, and Ramsey v. Arrott, 64 Texas, 320.

ON REHEARING.

**6.—Arrest—Warrant.**

An arrest made in one county on a warrant issued by a justice of the peace in another county and directed to the officers of the latter county without the provisions of article 259, of the Code of Criminal Procedure having been complied with, was unlawful. The question is not affected by the Act of the 29th Legislature, amending articles 258 and 259, which authorizes arrests in one county on a warrant issued in another when directed to the officers of the county where the arrest is made. Acts 29th Leg., p. 385.

Appeal from the District Court of Grayson County. Tried below before Hon. J. M. Pearson.

*Chas. Crenshaw* and *Wilkins & Vinson,* for appellant.

*Cecil Smith* and *Farrar & Pierson,* for appellees, Forbes, Moore and Maggart.

*Freeman & Botsell,* for appellees, Rich and Biggerstaff.

*Silas Hare,* for appellee, De Spain.

RAINEY, CHIEF JUSTICE.—Arthur Little brought this action against W. W. Forbes, sheriff of Ellis County, and two of his deputies, Moore and Maggart, and H. B. Rich, sheriff of Grayson County, and his deputy, Biggerstaff, and the chief of police of the city of Sherman, W. H. DeSpain, for false arrest and imprisonment and malicious prosecution. Plaintiff alleges in substance, that on November 24, 1906, a complaint for burglary was sworn to by J. M. Maggart in Ellis County and filed with a justice of the peace upon which said justice issued a warrant of arrest addressed to any sheriff or constable of Ellis County, and on same day plaintiff was arrested by Biggerstaff, deputy, and De-Spain, chief of police, aforesaid, without having said warrant in their possession, or the same having been transferred to either of them, and he was incarcerated in the Grayson County jail and from there conveyed to Ellis County by W. H. Forbes and his deputy, Lee Moore, and there lodged in jail, but having been advised that he was not the man wanted, he was soon discharged and said complaint formally dismissed. That on March 12, 1907, plaintiff was indicted by the grand jury of Ellis County for said crime of burglary at the instigation or by the procurement of W. H. Forbes, in which he was aided and abetted by some or all of the other defendants. On this indictment a capias was issued which came to the hands of W. H. Forbes and under his direction plaintiff was again arrested and im-

prisoned in Grayson County jail by said H. S. Rich, and was by him delivered to said Forbes or one of his deputies, who took him to Ellis County and then imprisoned him in the jail of that county, where he remained until discharged under a writ of habeas corpus in March, 1907. Said charge was finally dismissed. That the defendants conspired together to do the things above recited, and said indictment was procured for an unlawful purpose and to further their private ends, etc.

Defendants plead general and special exceptions, general denial and justification under a warrant. A trial was had and the court instructed a verdict for defendants which was accordingly returned and a judgment rendered thereon.

The first assignment complains of the court for excluding the introduction of a letter offered as evidence by plaintiff. Said letter is as follows:

"THE STATE OF TEXAS            J. M. Maggart,
    County of Ellis.                J. V. Forbes,
    W. H. Forbes, Sheriff.        Tom Morgan, Ennis,
    Tom McKee, Jailer.                 Deputies.
                 "Waxahachie, Texas, March 13, 1907.

"H. S. Rich, Sheriff,
    Sherman, Texas.
Dear Sir:

I herewith enclose capias for my friend, Arthur Little. Please do him the kindness to lock him up and wire me. He may rest assured that we are going to entertain him here on his little burglary charge, and when you get ready to go to trial let me know.

                   Yours to command,
                     W. H. Forbes, Sheriff."

This letter was not written by Forbes, but by Mr. Sweatt, his office deputy. Forbes testified that Sweatt did most of his correspondence and had authority to sign his name to letters and checks. Did not ask Sweatt to write it. Did not know his object in writing it and did not know what was in it, but the capias had been sent to Grayson County under his direction. Sweatt was not a party to the suit, nor was it alleged in the petition that he was one of the conspirators, or the agent of Forbes. There being no allegation of Sweatt being the agent of Forbes, or that he was one of the conspirators, or had anything to do with the arrest or prosecution, said letter was not admissible. (Lewis v. Hatton, 86 Texas, 533.) The principle is not responsible for the personal malice of his agent, and expressions made by the agent indicating malice, in the absence of the principal, are not admissible to show the motive of the principal. (Houston & T. C. R. Co. v. Willie, 53 Texas, 318.) There was no controversy about the capias having been sent under Forbes' direction. This was the only point upon which the letter could have been admissible, and there being no controversy about that it was not reversible error for the court to exclude it.

The second assignment of error complains of the court's refusal to

admit as evidence a memorandum made by witness Bolin, as shown by bill of exception as follows:

"On the trial of this case, W. C. Bolin, a witness for plaintiff, having testified that on the 8th day of November, 1906, he was town marshal of Stonewall, then Indian Territory. He was instructed by the town recorder of Stonewall, W. T. Heard, to issue a license to Hares & Brown to show in said town from November 8 to November 11, 1906, said recorder being sick and unable himself to issue said license; that witness issued said license at the time and made the following memoranda of the issuance:

'No. 55........$2.50.

### OCCUPATION LICENSE.

'To Hares & Brown for the occupation of show from 11-8 to 11-11, 1906. Amount of tax $5.00. Issued the 8th day of November, 1906.
N. T. Heard, Recorder.
'W. C. Bolin.'

"That on the night of said November 8, 1906, witness attended said show and on the next morning, November 9, 1906, he met the plaintiff in this case, Arthur Little, with whom he was acquainted, on the street and told him about the show stating that it was a good show and invited plaintiff to go with him on the night of the 9, 1906, to said show; that the plaintiff accepted the invitation and did go with him to the show and they sat together during the show, and when it was over, left the house in which the show took place together and afterwards parted for the night. And the next morning, the 10, 1906, he again met plaintiff on the street and they had some talk together, and among other things, about the show.

"Said witness also testified that he made said memoranda himself, and that it is in his own handwriting, and that said memoranda is accurate and that independent of said memoranda he could not accurately fix the date of the issuance of the license and the date that he and plaintiff attended the show together. Plaintiff then offered said memoranda in evidence, to which the defendants objected on the ground that it was immaterial, irrelevant and hearsay and did not tend to prove any issue in the case. The court sustained this objection and refused to allow said memoranda to be read to the jury."

The statement of facts shows that Bolin testified that plaintiff was in Stonewall on the 8th, 9th, and 10th of November, 1906, and refreshed his memory from said memorandum, and there were several other witnesses who testified that plaintiff was in Stonewall at that time, showing that it was impossible for him to have committed the burglary at Midlothian, Ellis County, at the time it was alleged to have been committed.

Mr. Wharton, in vol. 1, sec. 516, Ev., states the rule to be thus: "In case the witness swears to the accuracy of the memoranda or other refreshing documents, they may go to the jury as evidence, if

not per se inadmissible. It is otherwise if such accuracy is not proved. But even if inadmissible, they may be used to refresh his memory, if he knows they were accurate when made, and were made at the time of the events noted." 'The memorandum contained matter that had no bearing on the issues in this case and within itself was inadmissible. The witness refreshed his memory from it, and his veracity was not attacked. (Texas & Pac. Ry. v. Tuck, 116 S. W., 620.) Under the circumstances there was no error in not admitting the memorandum.

Complaint is made of the court's action in giving the jury a peremptory charge to find for the defendants. The evidence shows that the first arrest and imprisonment of plaintiff by the officers of Grayson County was without authority of law. The warrant issued by the justice in Ellis County was directed to the sheriff or any constable of Ellis County, which conveyed the authority to the officers in that county to make the arrest within the limits of said county. Article 259 of the Code of Criminal Procedure, provides that, "When a warrant of arrest is issued by a magistrate other than a judge of the Supreme Court, Court of Appeals, District or County Court, it can not be executed in another county than the one in which it issues unless indorsed by some one of said judges, in which case it can be executed anywhere in the State; or if it be indorsed by some magistrate of the county in which the accused is found, it may be executed in such county." The balance of said article prescribes the form of such indorsement, etc. As none of the requisites of said article were complied with to give vitality to said warrant in Grayson County, the officers making the arrest and those who instigated it can not defend their action by virtue of said warrant. (Sneed v. McFatridge, 43 Texas Civ. App., 593.) On this phase of the case we are clearly of the opinion that the court erred in instructing a verdict for all the defendants.

We are not so clear on the proposition as to the arrest and imprisonment under the indictment. Whether or not any of the defendants participated in securing the indictment, about which the testimony is not satisfactory, being actuated by malice and having no reasonable grounds for believing that the plaintiff was guilty of the offense charged, was an issue under all the facts and circumstances that could have been appropriately submitted to the jury. The question of probable cause is fully discussed in Landa v. Obert, 45 Texas, 539; McManus v. Wallis, 52 Texas, 534; Ramsey v. Arrott, 64 Texas, 320, and other Texas cases, and a further discussion by us is unnecessary.

The evidence was such that the trial court should have charged the jury on the issues raised thereby and having failed to do so, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

### ON REHEARING.

The motion for rehearing calls our attention to the Act of the Twenty-ninth Legislature, chap. 162, p. 385, amending articles 258 and 259 of the Criminal Code, which we overlooked, and contends that under said amendment the first arrest of appellant was not unlawful.

As amended art. 258 reads: "That a warrant of arrest issued by any county or district clerk or by any magistrate (except county comsioners or commissioners' courts, mayors or recorders of an incorporated city or town) shall extend to any part of the state, and any peace officer to whom said warrant is directed or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State." The balance of said amendment has reference to the serving of warrants issued by county commissioners or commissioners' courts, mayors or recorders of incorporated cities or towns.

We do not see that the amendment in any way should cause us to change our former holding. The warrant upon which appellees base their defense for the arrest of appellant, was directed to the officers of Ellis County. There was no warrant issued to Grayson County; there was none transferred to appellees, nor did they have any in their hands at the time. Their acts in making the arrest without having a warrant for the arrest of appellant in their possession is not sanctioned by the laws of this State. The motion for rehearing is overruled.

*Overruled.*