HORWITZ et al. v. DICKERSON.

No. 9393.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1930.

Motion for Rehearing Dismissed March 13, 1930.

Baker, Botts, Parker & Garwood, Palmer Hutcheson, and Calvin Garwood, all of Houston, for appellant corporations.

Winfree & Weslow and L. Edward Mooney, all of Houston, for appellant Horwitz.

J. S. Bracewell and Quinton Wright, both of Houston, for appellee.

LANE, J.

This suit was brought by appellee, George Dickerson, against appellant Will Horwitz, individually, Horwitz Texas Theaters, Inc., and Preston Amusement Company, the latter two being corporations, to recover actual and exemplary damages for an assault alleged to have been made upon him by appellant Will Horwitz on the 10th day of November, 1928.

The plaintiff alleged substantially that at the time of the assault complained of there was in existence a strike of union motion picture operators who had been employed in the theaters owned by the two corporation defendants, generally known by the public. as the Horwitz Theaters; that said theaters were operated by Will Horwitz as manager; that on the 10th day of November, 1928, while said strike was in existence, the Picture Operators' Union hired a band of union musicians, of which he (plaintiff) was one, to play upon a truck which bore signs advertising the Metropolitan, Loew's State, Majestic, Kirby, Queen, Crown, and Best Theaters, situated in the city of Houston, as being fair to organized labor; that the names of the three theaters operated by defendants, to wit, the Iris, Texan, and Ritz, were not included in the list so advertised; that as the truck was moving over the streets of Houston, and the band playing thereon, Will Horwitz, individually, and in his capacity as manager of the three last-named theaters, drove his automobile up behind said truck and pelted the occupants thereof with eggs, a number of them striking the plaintiff, to his damage in the sum of $75 for his hat and clothing, and $1,000 for physical pain, mental suffering and humiliation. He also prayed for $2,000 exemplary damages.

Defendant Horwitz answered by general demurrer and by admitting that he threw the eggs as alleged by plaintiff, but averred that he did so on his own initiative, for himself as an individual, and not as an agent or manager of the theaters; that the acts of the plaintiff, and those associated with him at the time, was such as to anger him or any other ordinary man; that plaintiff had angered him by playing in front of his place of business; and that his acts were justified by reason of the acts of plaintiff; that he acted in the defense of his person when he threw the eggs. He tendered into court $2.60 as damages, as

being the damages to the plaintiff's hat and clothing.

The two defendant corporations filed a joint answer consisting of a general demurrer, general denial, and a special averment that the acts and conduct of Will Horwitz, if they actually occurred as alleged by the plaintiff, were not done within the scope of his employment or within the performance of his duties as an officer, agent, or employee of the corporations, but that they were his individual acts and enterprises for which neither of the corporations were in any way legally responsible; and that there was provocation for the acts of Horwitz.

The case was tried before a jury, who were instructed by the court that: "An agent is acting within the course of his employment, as that term is used in the charge, when the things done are fairly and naturally incident to the business and done while the servant is engaged upon the master's business."·

Following such instruction the court submitted to the jury special issues in answer to which the jury found:

First, that defendant Horwitz, in doing the acts and things complained of by plaintiff, was acting within the scope of his employment by the two corporation defendants; second, that $3 for damages to clothing, and $500 for humiliation would adequately compensate the plaintiff for his injuries; third, that Horwitz was actuated by malice in committing the assault upon plaintiff; and, fourth, that the assessed punitory damages against Horwitz, individually, in the sum of $250.

All the defendants have appealed.

Horwitz Texas Theaters, Inc., and Preston Amusement Company, as ground for reversal of the judgment, contend: (1) That under the undisputed facts of this case they were, as a matter of law, not liable for the malicious acts of their agent, Horwitz, as such acts were clearly not performed within the scope of such agent's employment; (2) that, if they are in error as to the first contention, still the judgment as to them would be reversed, because the evidence raised the issue of provocation, and the court refused, upon defendants' request therefor, to submit such issue to the jury; and (3) that the verdict of the jury assessing $500 against defendants as actual damages for humiliation is excessive, no personal injury being shown.

We sustain the first contention of these appellants, which will necessitate a reversal of the judgment rendered against them and a rendition here of a judgment in their favor. The undisputed evidence shows that appellant Will Horwitz owned only a small amount of stock in the two corporations involved herein; that he was chosen and appointed by such corporations as general business manager of such corporations; it was agreed that he had no expressed authority to do any act

such as complained of by the appellee; that, if he had any such authority, it was by implication only, as an incident of his employment as general business manager of the theaters.

It is further shown that shortly prior to the 10th day of November, 1928, appellant Will Horwitz had entered into a contract with certain motion picture operators to perform certain services for the corporations; that on or about the 26th day of October, 1928, Horwitz, as manager of the business affairs of the theaters, became involved in a controversy with the union motion picture operators, and that the motion picture operators in Horwitz's employ inaugurated a strike against the theaters owned by the corporation of which Horwitz was general business manager; that such strike continued and was in existence at the time of the assault complained of by appellee; that certain musicians, members of Local Union No. 65, of which appellee was a member, who were in the employ of the corporation defendants, organized a strike in sympathy with the motion picture operators who were on the strike mentioned; that while such conditions existed, on or about November 10, 1928, a representative of the Motion Picture Operators' Union applied to the secretary and business manager of the Musicians' Local Union No. 65 for a band to play upon a truck, which the operators had employed, upon which banners gratuitously advertising all prominent theaters in Houston as being fair to organized labor, except those under the management of Horwitz, were placed; there was placed on the banners the words: "Patronize the theatres who are fair to organized labor"; that such application was granted and certain members of the Musicians' Union, including appellee, were required to man the truck and furnish music to attract the attention of the public to such advertisement; that while said musicians, including appellee, were playing on the streets of Houston in close proximity to the Horwitz theaters, Horwitz procured eggs and threw them at the musicians, several of which struck appellee.

R. H. Rice, secretary and business manager for the Musicians' Local Union No. 65, testified that at the time the picture operators had their strike and left the Horwitz theaters, the Musicians' Union pulled the union musicians out of those theaters in sympathy with the operators.

Appellee, testifying in his own behalf, said that he had known Horwitz for quite a while; that he was associated with Mr. Rice in his business duties; that prior to the assault complained of he had never had any personal difficulty or fight with Horwitz; that prior thereto they were friends; that the purpose of that parade (the advertising truck) was to advertise the other theaters, "to sort of take a dig at the Horwitz theatres." (Italics ours.)

Appellant Horwitz testified that no one connected with the theaters authorized him to do what he did in the throwing of the eggs; that they never approved of his said act; that he regarded his act as a personal proposition; that when he saw the band wagon and those signs on it he got sore; that it annoyed him and made him angry, and, as he knew it was intended as a personal attack or slap on him, he made it such.

It clearly appears from the evidence as a whole that the parade instigated by the striking motion picture operators and musicians was intended as an affront to appellant Horwitz, and that Horwitz taking it as such became angry and made the assault as an individual, and that he was not, in making such assault, acting within the scope of his authority as general manager of the theatres.

■ It can hardly be seriously contended that one employed as was Horwitz would be acting within the scope of his authority were he to assault one who advertises business enterprises other than those of which he is general business manager, or one who speaks disparagingly of such business. Anything more completely outside of the functions in which he was employed than the assault committed on appellee could hardly be conceived. Masters and employers are answerable for damages occasioned by their servants and overseers in the exercise of the functions in which they are employed, but they cannot, in reason, be held responsible generally for any wrongful conduct a servant or overseer may be guilty of outside of such functions.

■ If the servant, under the guise and cover of executing his master's orders, and exercising the authority conferred upon him, willfully and designedly, for the purpose of accomplishing his own independent, malicious, wicked, or wrongful purpose, does an injury to another, the master is not liable for the injury done. Chaney v. Frigidaire Corporation (C. C. A.) 31 F.(2d) 977; G., C. & S. F. Ry. Co. v. Moore, 69 Tex. 157, 6 S. W. 631; G., H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Little v. Rich, 55 Tex. Civ. App. 326, 118 S. W. 1077; Mechem on Agency (2d Ed.), § 1953; Medlin Milling Co. v. Boutwell, 104 Tex. 87, 133 S. W. 1042, 1045, 34 L. R. A. (N. S.) 109; Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 So. 631, 8 Am. St. Rep. 512.

The relation of master and servant in such act as was done by Horwitz, of which complaint is made by appellee, does not exist between them. Such act was unlawful and wrong; but was not done in performance of any duty imposed upon him by his employment, nor done within the scope of his employment, and therefore the corporation defendants, who employed him as general busi-

ness manager, cannot be held responsible for such act.

Having reached the conclusion that the finding of the jury that Horwitz was acting within the scope of his employment in making the assault complained of by appellee, and the judgment rendered against the two corporation defendants were unsupported by the evidence, it becomes unnecessary to discuss the other two contentions presented by said defendants, in so far as they relate to the judgment complained of by them.

We are now brought to a consideration of the contentions made by appellant Horwitz for a reversal of the judgment against him.

■ Horwitz complains of the refusal of the court to submit to the jury his special requested charge reading as follows: "You are charged that it is your duty in passing on special issues 1 and 3 to take into consideration whatever provocation, if any, the defendant, Will Horwitz, was acting under at the time of, or immediately prior to the alleged assault, and you may consider such provocation, if any, in mitigation of damages."

He insists that the issue of provocation was raised by his pleadings and by the evidence, as well as the pleadings of the plaintiff; that such issue was not, in any manner, covered by the charge given. He insists that since the plaintiff was seeking a recovery of actual and exemplary damages for injuries suffered by him by reason of the assault, and since there was ample evidence showing that immediately or close to the time of the assault plaintiff, by his wrongful act, provoked the assault, he (Horwitz) was entitled to have the jury instructed that such provocation might be considered by them in mitigation of the damages sought by the plaintiff. He pleaded that his act in making the assault complained of was due to provocation.

The evidence raised that issue. Horwitz requested the court to instruct the jury that they might consider provocation, if any, in mitigation of the damages sought by the plaintiff, and such request was refused.

We sustain appellant Horwitz's contention. It seems to be well settled that, where the question of provocation is raised by the pleadings and evidence, the jury should be instructed that in determining the amount of damages to be awarded the plaintiff, *either actual or exemplary*, they may take into consideration the manner and conduct of the plaintiff towards the defendant at the time of the assault, and that, if the manner and conduct of the plaintiff were such as, in' the opinion of the jury, amounted to a provocation on his part in bringing about the difficulty, then his damages, actual or exemplary, or both, should be reduced to such sum as in the opinion of the jury might seem prop-

er. Hall v. Hayter (Tex. Civ. App.) 209 S. W. 436; Leachman v. Cohen (Tex. Civ. App.) 91 S. W. 809; H. & T. C. Ry. Co. v. Batchler, 32 Tex. Civ. App. 14, 73 S. W. 981.

For the reasons pointed out, so much of the judgment as is against the two corporation defendants is reversed, and judgment is here rendered that the plaintiff take nothing as against them, or either of them; and so much of the judgment as is against appellant Horwitz is reversed and the cause remanded for retrial as between the plaintiff and Horwitz.

Reversed and rendered in part, and reversed and remanded in part.