SPEER, Justice.
This appeal involves venue and the plea of privilege. It grows out of the same suit from which a similar appeal reached us in Central Motor Co. v. Roberson, 139 S.W.2d 287, decided March 8th, 1940.
Plaintiff Roberson originally sued Central Motor Company, a corporation, for damages growing out of an alleged false imprisonment, in which complaint was made that defendant, acting through its agent, M. (Red) Burton (appellant here),, falsely and wrongfully imprisoned plaintiff. Central Motor Company filed its plea of privilege with the Tarrant County District Court, where the suit was instituted. A hearing was had by the court, the plea of privilege was overruled, appeal was taken, and we affirmed that judgment.
Afterward, plaintiff Roberson amended his pleadings, alleging substantially the- *311 same facts, and made Burton a party defendant, seeking a judgment against both defendants. After service of process of the amended pleadings, Burton filed his plea of privilege; it was controverted, a trial had, and his plea was overruled. This appeal is from that judgment.
The evidence shows that plaintiff was arrested and placed in jail in Tarrant County by City officers of Fort Worth, on Saturday or Sunday, February 25th or 26th, 1939. The Fort Worth officers acted upon the request of defendant Burton contained in a letter written by Burton on February 9th, 1939. Burton was Chief of Detectives of the City of Waco. The letter from Burton to the Fort Worth officers contained instructions to arrest plaintiff and hold him for the Waco officers. There were also expressions in the letter which were construed to mean that the Fort Worth officers were to get possession of a car and hold it for the Waco officers. The letter was not in evidence, but Mr. Burton testified that he wrote it and admitted its contents, when questioned about parts of it. Burton said he had telephoned the constable in Waco on February 9th, to file a •complaint and get a warrant, and when advised by the constable that he had the warrant, Burton said he wrote the letter; that he never did have the warrant in his possession. The warrant referred to by Mr. Burton was introduced in evidence, over objection of plaintiff, but it is unnecessary for us to pass upon the ruling of the court in admitting it. The warrant of arrest shows to be addressed, “To the Sheriff or "any Constable of McLennan County”, and bore date of February 9th, 1939. Burton said he arrested Roberson, took him from the City jail at Fort Worth and conveyed him back to Waco. He did not give the date of these acts, but other evidence indicates that it was Monday, February 27th, 1939.
The testimony of Mr. Clifton shows that he saw plaintiff in the City jail at Fort Worth on Sunday evening (February 26th) and went to Waco on the next day to arrange for a disposition of the case against Roberson; that' when Burton arriveA in Waco with Roberson, the title to the car was transferred to Central Motor Company, and the officers there agreed to dismiss the case; that he went with certain officers to the Justice Court and the court dismissed a case which was docketed against one “R. B. Robinson”, which had been filed that day. There was other testimony which shows that the “R. B. Robinson”, against whom the complaint was filed an„d dismissed, was a separate and distinct person from plaintiff.
It is contended by plaintiff here that there was no warrant issued on February 9th, 1939, for his arrest, and under which Burton claims to have instructed the arrest by Fort Worth officers. And furthermore, he insists that even if the one- above referred to had been issued and placed in the hands of Constable Casey at Waco, Burton, a Waco City officer, had no authority under that warrant to arrest plaintiff, nor to cause his arrest by the Fort Worth officers.
Article 223, Code Crim.Proc., provides: “A warrant of arrest, issued by any county or district clerk, or by any magistrate * * shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State.”
The most that can be said of the warrant found in the record is, it purports to have been issued on February 9th, 1939, by a Justice of the Peace in McLennan County, and is directed “To the sheriff or any constable of McLennan County”. Neither of the officers to whom it was directed ever executed it or attempted to do so. It is not contended that the warrant was ever transferred by or from the officers to whom it was directed to either defendant Burton or to the Fort Worth officers. Nor is there any evidence that a warrant was ever issued for the arrest of plaintiff directed to any peace officer of Tarrant County. It was held in Little v. Rich, 55 Tex.Civ.App. 326, 118 S.W. 1077, that where a warrant for the arrest of a party was directed to the officers of Ellis county, and no warrant was issued to Grayson County, nor had any warrant been transferred to the officers of Grayson County,'who made the arrest without a warrant, constituted a wrongful arrest. The Code of Procedure discussed by the court in that case was the same as it now exists.
Defendant (appellant here) cites and relies largely upon what was said by the Supreme Court in Cabell v. Arnold, 86 Tex. 102, 23 S.W. 645, 22 L.R.A. 87; the warrant in that case was directed to the United States Marshal, and while he held the warrant, he telegraphed a deputy marshal to make the arrest. The deputy carried out *312 his principal’s orders, without having the warrant in his possession. The U. S. Marshal was sued for false imprisonment.’ The provisions of the Code, as they existed, were discussed by the court and no recovery was allowed because the principal was authorized to do just what his deputy did. In-discussing the question, Judge Stayton, speaking for the court, in effect said: To show authority in an officer to -make an arrest under warrant, (1) it must appear that a warrant had been issued by a proper authority, commanding him (the officer) to make the arrest, and (2) the delivery of the warrant to the person who is commanded to execute it. The court’s holding was based upon these requisites. In the instant case, it affirmatively appears that the warrant relied upon by defendant for authority to make the arrest was neither directed to him nor was it ever delivered to him by the one to whom it was directed. These distinguishing features lead us to believe that the rule there announced is not controlling here.
Defendant has filed in this court a reply to plaintiff’s brief; in this reply brief, as well also in his original brief, it is contended that plaintiff has misjudged his cause of action. That if he has any right of action, it is for malicious prosecution and not for false imprisonment, and further that an action for malicious prosecution would only lie in McLennan County. We find in the reply brief this frank statement: “If the facts before the court show this to be a case of false arrest, then the trial should be in Tarrant County; but if the facts here make this a suit for malicious prosecution, it should be tried in McLennan County.”
We find no fault with the foregoing assertion. The elements of an action for malicious prosecution do not appear in the pleadings nor in the evidence, other than insofar as the same facts would enter into both actions. Plaintiff has bottomed his suit upon false arrest or false imprisonment, and must rely thereon for recovery, when the case is tried upon its merits. We may look to plaintiff’s pleadings in determining the nature of his cause of action, more especially when it is made a part of the controverting plea, as was done in this case. Sims v. Trinity Farm Construction Co., Tex.Civ.App., 28 S.W.2d 856.
Plaintiff’s evidence, if believed by the court, was sufficient to make a prima facie case of false imprisonment against defendant, which, under exception 9, Article 1995, R.C.S., was sufficient to support the court’s judgment overruling the plea of privilege. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.
No jury was demanded upon’ the trial from which this appeal is prosecuted and the court determined the fact issues. The defendant Burton being a party to the suit, his testimony raised issues of fact for determination by the court, sitting in lieu of a jury. The court had the duty of weighing all of the ‘ testimony and to give shell credit to the witness as, in his judgment, he was entitled to. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916. The trial court having resolved the fact issues against the contentions of defendant, we are without authority to revise his findings thereon, when there is evidence of a substantial nature to support it, such as we find in this case. 33 Tex.Jur., sect. 771, p. 1102; Corn v. First Texas Joint Stock Land Bank, Tex.Civ.App., 131 S.W.2d 752, writ refused, and Central Motor Co. v. Roberson, Tex.Civ.App., 139 S.W.2d 287, supra.
As indicated in the first part of this opinion, the last-cited case involves the same acts by defendant Burton as complained of in the instant case. He is the alleged agent of Central Motor Company, his co-defendant in this case; it was because of his acts and the disclosed relationship between, him and his alleged principal that the latter was held to be suable in this action, in Tarrant County. By the amendment of plaintiff’s pleadings he is -made a joint tort-feasor with his alleged principal. These things are disclosed by the pleadings under the venue issues. We can see no good reason, in law or equity, if the principal be held in the Tarrant County district court, why the alleged offending agent should not likewise be held in that court to defend with his co-defendant plaintiff’s suit under exception 4 of Article 1995, R.C.S. While that exception applies especially to two or more defendants residing in different counties and all are to be held where any one of them may be sued, yet it would seem a useless thing to require plaintiff and defendant Central Motor Company to litigate the issues in Tarrant County, and then for plaintiff and defendant Burton to litigate the same issues in McLennan County. The action against these defendants is not severable. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209.
*313 Plaintiff did not claim venue in his pleadings, under exception 4, Article 1995, R.C.S. We had not decided the question of venue between plaintiff and Central Motor Company at the time this case was tried below. Where, as in this case, the pleadings and evidence disclose one of the statutory exceptions to venue, the court may consider it in passing upon the plea of privilege. In Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533, it was held that where plaintiff pleads facts relied upon to support venue, even though classified by him under the wrong exception, he was entitled to have the issue determined under the facts plead and proved.
For the reasons stated, we see no error in the judgment and it should be affirmed. It is so ordered.