

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~XXXXXXXXXXXXXXXXXXXXXXXX~~  
~~WILL WILSON~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Ray Winder  
County Attorney  
Cooke County  
Gainesville, Texas

Dear Sir:

Opinion No. O-5199  
Re: (1) Whether Texas peace of-  
ficers have authority to make  
arrests outside of Texas.

(2) Whether county court has  
jurisdiction to entertain a  
proceeding to enforce forfeit-  
ure of authomobile seized out-  
side of Texas.

In your recent letter requesting the opinion of the Attorney General of Texas, you outline the following pertinent facts:

Certain peace officers of Cooke County, Texas, hav-ing probable cause for searching an automobile believed by them to be unlawfully transporting intoxicating liquor in and through Cooke County, a "dry area," sighted the automobile being driven in Cooke County. The officers, in their pursuit, followed the automobile out of Cooke County, across the State line, and into the State of Oklahoma, where they were success-ful in stopping the automobile. Upon searching the vehicle in Oklahoma a large quantity of intoxicating liqour was found. The driver was arrested by the Texas officers, and, together with the automobile and liquor, returned to Cooke County. The automobile, though moving from Texas to Oklahoma with planetary speed, as reflected in your letter was kept in view of the pursuing Texas officers, the view being sufficiently close enough at times to permit the lodging of several bullets in the rear end of the fleeing vehicle from the well-aimed gun of the Texas officers. Upon his return to Cooke County, the driver of the automobile, referred to in your letter as "a negro named "ackson," voluntarily entered a plea of guilty to

the charge of unlawful transportation of intoxicating liquor in Cooke County. Based upon the forgoing facts, you submit the following questions:

"First: Did the officers have the right to arrest Jackson without warrant?

"Second: Did the officers have the right to pursue the fugitive into the State of Oklahoma and arrest him there?

"Third: If the foregoing questions are answered in the negative, does the County Court of Cooke County have proper jurisdiction to proceed under Art. 1, Sec. 44 of the Texas State Liquor Control Act to enforce forfeiture of the automobile driven by the fugitive, in view of his final convistion upon the charge of unlawfully transporting liqour?"

The answer to your first two questions must necessarily depend upon the laws of Oklahoma, which laws we cannot be called upon to construe.

"An offense against the law is the justification for an arrest, and since the laws of one sovereignty have no extra jurisdictional operation, an offense against the laws of one state do not authorize an arrest therefor in another state, except when and as authorized by the laws of the latter state, as the legality of an arrest depends on the law of the state where it is made." Volume 6, Corpus Juris Secundum, page 609.

In Texas a sheriff's authority to make an arrest is confined to the limits of his own county. Little v. Rich, 55 Tex. Civ. App. 326, 118 S. W. 1077; Weeks v. State, 132 Tex. Crim. 524, 106 S. W. (2d) 275; Box v. Oliver, (Civ. App.) 43 S. W. (2d) 979; Hooper v. Deisher, (Civ. App.) 113 S° W. (2d) 966. A sheriff may not search an automobile in Texas outside his own county for he has only the authority of a private citizen in such case. Henson v. State, 120 Crim. Rep. 176, 49 S. W. (2d) 463.

In McLean v. Mississippi ex rel Roy, 96 Fed. (2d) 741, in which case a writ of certiorari was denied by the

Honorable Ray Winder, page 3 0-5199

Supreme Court of the United States (59 Sup. Ct. 84) it was said:

> "The state of Mississippi has no power to extend the authority of its sheriffs into another state and we will not suppose she has made the attempt."

In the McLean case, supra, it was held that a recovery could not be had on an official bond of a Mississippi peace officer for events taking place in the State of Tennessee to which state the Mississippi sheriff took a person arrested in Louisiana for a crime allegedly committed in Mississippi, since the officer had neither officer nor color of office as a Mississippi sheriff while in another state where Mississippi laws were not of force.

Where we will not attempt to state the law relative to arrest in Oklahoma your attention is directed to the case of Sturat v. Mayberry, 195 Okla. 13, 321 Pac. 491, by the Supreme Court of Oklahoma, wherein it was held that an ordinary warrant of arrest issued in one state may not be executed in another state, as it has no validity beyond the boundaries of the state by whose authority it was issued. Because of the fact that this case was decided by the highest court of Oklahoma it is not without persuasive import.

From the authorities thus reviewed the general rule deductible appears to be that an officer of Texas is without authority to make an arrest in another state either with or without a warrant.

To say however that an officer of Texas does not have authority to make an arrest in Oklahoma, it does not necessarily follow that a conviction cannot be had as a result of such unauthorized arrest and subsequent search and seizure.

This now brings us to your third question as to whether the county court of Cooke County has jurisdiction to entertain a proceeding under Article 1 of Section 44 of the Texas Liqour Control Act to enforce the forfeiture of the automobile seized by the Texas officer in the State of Oklahoma.

Section 44 of Article 1 of our Texas Liquor Control Act provides in part as follows:

> "It is further provided that if any. . . automobile. . . is used for the transportation of any illicit beverage. . .such vehicle together with all such beverages. . .shall be seized. . .by any peace officer who shall arrest any person in charge there. . . "

The statute then continues to outline the procedure to be followed in enforcing the forfeiture which results from the automobile being used in the commission of the unlawful act. See our Opinion No. 0-5021 wherein the procedure for enforcing such a forfeiture is discussed.

From what has theretofore been said and in view of our Opinion No. 0-5021 and the particular facts and circumstances as outlined in your letter, it is the opinion of this department that the county court of Cooke County, Texas, has jurisdiction to entertain a proceeding to enforce the forfeiture of the particular automobile seized by the Texas officers in Oklahoma.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY                    E. G. Pharr
                       Assistant

EGP:db/PAM

APPROVED MAY 21, 1943

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN