**P. C. SORENSON COMPANY, Appellant,**

v.

**Warren S. BELL, Appellee.**

No. 15509.

Court of Civil Appeals of Texas.

Dallas.

June 12, 1959.

Rehearing Denied July 17, 1959.

**272**

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellant.

Frank Cusack, Dallas, for appellee.

DIXON, Chief Justice.

This suit was brought by appellee Warren S. Bell against appellant P. C. Sorenson Company for damages resulting from a trespass by appellant on land owned by appellee. Based on a jury verdict, judgment was rendered for Bell for $2,500 actual and $2,250 exemplary damages. Thereafter the trial court required a re-mittitur of $750 exemplary damages, so that the judgment from which appeal was taken was for $2,500 actual and $1,500 exemplary damages, a total of $4,000.

P. C. Sorenson Company is a partnership composed of P. C. Sorenson, Harold V. Sorenson and Ray K. Sorenson. The company is engaged in the construction business. Ray K. Sorenson in addition to being a partner is also construction superintendent.

About November 1, 1956, P. C. Sorenson Company was engaged in the construction of a sanitary sewer along the center of Crow Creek in the City of Dallas, Texas, near a five acre heavily wooded tract of land owned by appellee Bell. In the course of the operations a large bucket type ditch digger was used to dig a trench along the creek bed. After this part of the work was completed, the machine, pulled by a tractor, was moved out of the creek and across Bell's property without Bell's permission. In the process about 30 trees were either knocked down or pulled out of the ground, the earth near the creek bank was torn up, and a natural drain across the Bell property was partly filled to enable the machines to cross. The trees were oaks, elms and cedars ranging from five to ten inches in diameter. Some of them were pushed over by the bulldozer, some chopped down by ax. Other trees were damaged. The passage of the machines cut a swath eight to ten feet wide and more than 200 feet long through the woods.

The jury's verdict was to the effect that (1) the value of Bell's property before the trespass was $15,000; (2) the value after the trespass was $12,500; (3) the operation was performed with malice; and (4) appellant should be required to pay $2,250 exemplary damages.

Appellant's first and second points are that (1) exemplary damages are not recoverable at all in this case under the undisputed facts, and (2) if they are recoverable at all, the award of $1,500 is excessive.

We must sustain appellant's contention that exemplary damages are not recoverable in this case. The evidence is uncontradicted that the employees of P. C. Sorenson Company took it upon themselves to go upon Bell's property without any instructions or authority from their employers. Ray K. Sorenson, one of the partners, in response to a telephone call, arrived on the scene after the two machines were on Bell's property. They had not completed their passage across the property, their operators having brought them to a halt on order of Mrs. Bell while they were still on the Bell property. Sorenson testified that sometime later, while he was conferring with Bell as to how to remove the ditch digging machine from Bell's property, Bell told him that the damage had already been done, and if it was his, Bell's, machine he would just move it on out.

The only testimony offered on the question of instructions for the machines' movement was offered by Sorenson. He stated that he did not tell his employees how to bring the equipment out of the creek; he imagined the operator of the bulldozer tractor discovered a ramp leading up the creek bank and out onto the Bell property; but that he, Sorenson, did not give him any instructions about coming out on the Bell side of the creek; and did not give him instructions to move the machines across Bell's property.

■ It is well established in this jurisdiction as a general rule that in order to render a principal liable in exemplary damages for the act of his agent the agent's act must have been previously authorized by the principal, or subsequently ratified or approved, or the principal must have been guilty of negligence in the employment of the agent. Wright v. E-Z Finance Co., Tex.Civ.App., 267 S.W.2d 602; Valencia v. Western Compress & Storage Co., Tex. Civ.App., 238 S.W.2d 591; Lusk v. Onstott, Tex.Civ.App., 178 S.W.2d 549; Baker

Hotel of Dallas, Inc., v. Rogers, Tex.Civ. App., 157 S.W.2d 940; Gulf, C. & S. F. Ry. Co. v. Moore, 69 Tex. 157, 6 S.W. 631; 13 Tex.Jur. 343.

■ In the case now before us appellee did not plead prior authority, or ratification, or negligence by appellant in selecting the employees who were guilty of the act of trespass. Nor is there any evidence in support of prior authority, ratification, or negligence. Appellant's first and second points are sustained.

■ Appellant's third point is that the actual damages of $2,500 are excessive. In our opinion the award finds adequate support in the evidence. Mrs. Shirley Bell, a business woman, who is herself in the construction business and who formerly was engaged in the real estate business, testified that she and her husband had already platted their property as a residential subdivision and had filed their plat for record; that the property was worth $15,000 prior to the trespass, and only $11,000 to $11,500 after the trespass. There was evidence not only of the loss of trees, but of damage to the ground near the creek bank, and a fill-in of a natural drain, causing a diversion of the flow of water and a loss of top soil at one point. Appellant's third point is overruled.

Appellee has presented a cross-point alleging error of the trial court in requiring a remittitur of $750 exemplary damages. As we have held that appellee was not entitled to any exemplary damages at all, it follows that we must, and we do overrule appellee's cross-point.

The judgment of the trial court allowing $2,500 actual damages is affirmed, but the judgment for $1,500 is reversed and judgment is here rendered denying any recovery of exemplary damages.

Affirmed in part and reversed and rendered in part.