Opinion issued February 7, 2008














Opinion issued February 7, 2008



 

 

 

 








 

     

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00318-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LILLIAN THOMAS, JOHN ELLARD, AND CHRIS ORTIZ,
Appellants

 

V.

 

CENTERPOINT ENERGY, INC. AND CENTERPOINT ENERGY
HOUSTON ELECTRIC, LLC, Appellees

 

 



On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 33167

 

 



MEMORANDUM OPINION

 

          In this
case involving the collision of a car and a horse, Lillian Thomas, John Ellard,
and Chris Ortiz (collectively, “appellants”) appeal the traditional and
no-evidence summary judgment rendered in favor of Centerpoint Energy, Inc. and
Centerpoint Energy Houston Electric, LLC (collectively, “Centerpoint”).  Appellants contend that: (1) Centerpoint’s
traditional motion for summary judgment fails to expressly state grounds for
summary judgment; (2) the trial court improperly struck certain summary
judgment evidence from the record; and (3) a genuine issue of material fact
exists, precluding summary judgment as a matter of law.  We conclude that the trial court properly
granted summary judgment and therefore affirm. 


Background

          On a February night in 2005, while
driving on a rural stretch of road, Thomas and Ellard struck a horse in the
roadway.  Ortiz owned the horse, and the
pasture in which it generally had been penned. 
Thomas and Ellard allege that they sustained personal injuries from the
collision, and the horse was euthanized. 
Ortiz later intervened as a plaintiff. 
On the day of the accident, Centerpoint personnel were in the area to
investigate a power outage.  Appellants
allege that Centerpoint unlocked and opened the gate to Ortiz’s horse pasture,
purportedly to turn around their bucket truck, and failed to shut the gate before
departing. 

          In his summary judgment affidavit,
Scott Goodman, an employee of Centerpoint, acknowledges that he drove along
County Road 601, the road upon which Ortiz’s pasture is located, on the
appointed day, while en route to restore electricity for a customer.  Goodman also acknowledges that he turned the
Centerpoint truck around on County Road 601, but denies ever opening a pasture
gate.  

           Centerpoint moved for both a traditional and
no-evidence motion for summary judgment. 
In response, Ortiz offered an affidavit, but it was untimely filed.  The trial court granted a continuance so that
the parties could depose Ortiz. 
Thereafter, appellants filed a supplemental response, in which they
attached Ortiz’s 158-page deposition, without referring the trial court to
particular testimony.    

          At the summary judgment hearing, the
trial court declined to consider appellants’ general references to the
deposition.  The court requested that
appellants draft a letter brief citing authorities that supported appellants’
contention that the entire deposition should be considered without such
references.  After the hearing,
appellants submitted an index referencing specific page and line numbers and a
letter brief supporting their position that references were not required.   

The court
granted summary judgment on both traditional and no-evidence grounds.  The court declined to consider the Ortiz
deposition as too voluminous and further declined to consider the index because
of its untimely submission.   The court
granted Centerpoint’s hearsay objection to Ortiz’s statements that another
individual named Sam Hahn had stated that the Centerpoint employees had opened
the gate.  Additionally, the court
granted Centerpoint’s objection to Ortiz’s affidavit opinion that the
Centerpoint truck was too wide to turn around on County Road 601 without
entering a pasture because the statement was conclusory, self-serving, and
contradicted by Ortiz’s deposition testimony. 


Standard of Review

          We review a trial court’s summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d  656, 661 (Tex. 2005); Provident Life Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex.
1999). 
When reviewing a summary judgment, we take as true all evidence favorable
to the nonmovant and indulge every reasonable inference and resolve any doubts
in the nonmovant’s favor.  Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d at 215; Sci. Spectrum,
Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  

Traditional summary judgment is proper only if the
movant establishes that there is no genuine issue of material fact and that the
movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c). The motion must state the specific grounds relied
upon for summary judgment.  Id.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc., 941 S.W.2d at 911.

          After
adequate time for discovery, a party may move for a no-evidence summary
judgment on the ground that no evidence exists to support one or more essential
elements of a claim or defense on which the opposing party has the burden of
proof.  Tex.
R. Civ. P. 166a(i).  The trial
court must grant the motion unless the nonmovant produces summary judgment
evidence raising a genuine issue of material fact.  Id.  More than a scintilla of evidence exists if
the evidence “would allow reasonable and fair-minded people to differ in their
conclusions.”  Forbes Inc. v. Granada Biosci., Inc., 124 S.W.3d 167, 172 (Tex. 2003). 

Discussion

Adequacy of the Motion

          In their first point of error,
appellants assert that the court did not adhere to the proper “standard of
decision” for summary judgment. 
Specifically, appellants argue that summary judgment cannot be based on
grounds that are not expressly presented in the motion for summary judgment.  According to appellants, the court devoted “considerable
discussion” to various hypotheticals favorable to Centerpoint at the hearing on
motion for summary judgment, such as the possibility of the horse jumping over
the fence rather than escaping through an open gate.  Appellants argue that such hypotheticals were
not expressly presented in Centerpoint’s motion for summary judgment.  Appellants acknowledge, however, that
Centerpoint expressly presented their contention, supported by Goodman’s
affidavit, that Centerpoint’s employees did not open any gate and thus did not
breach any duty or cause any injury.  

Rule 166a(c) of the Texas
Rules of Civil Procedure establishes that a motion for summary judgment must
“state the specific grounds therefor,” and the trial court is to render
judgment if “the moving party is entitled to judgment as a matter of law on the
issues expressly set out in the motion or in an answer or any other response.”  Tex. R. Civ. P. 166a(c); Stiles v. Resolution Trust Corp., 867
S.W.2d 24 (Tex.
1993).  

          Centerpoint expressly set forth the specific grounds for
summary judgment.  Goodman’s affidavit
also expressly negates the breach of duty and causation components of a
negligence claim.  Western Invs. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005) (describing
elements of a negligence action). 
Consequently, we hold that Centerpoint expressly presented grounds for
summary judgment in its motion.

 

Admissibility of Summary Judgment Evidence          

          Appellants assert that the trial court improperly struck
evidence from the record before determining whether summary judgment should be
granted.   We review a trial court’s
decision to admit or deny summary
judgment evidence
under an abuse
of discretion
standard.
 Owens-Corning Fiberglas
Corp. v. Malone, 972
S.W.2d 35, 43 (Tex.
1998).  The
standards for the admissibility of evidence in a summary judgment proceeding
are the same as those of a regular trial.  United
Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997).  When reviewing abuse of discretion, we
consider whether the trial court acted arbitrarily or unreasonably, or without
reference to guiding rules and principles. 
Owens-Corning, 972 S.W.2d at
43. 

          First, appellants contend that the hearsay statements
allegedly made by Hahn that were contained in Ortiz’s affidavit and deposition
should not have been stricken from the record. 
According to the stricken evidence, Ortiz overheard Hahn, an
acquaintance, telling a police officer on the night of the accident that he had
seen a Centerpoint truck turn around in Ortiz’s pasture several hours earlier
that day.  Appellants contend that Hahn’s
statement is an excited utterance or a present sense impression, and qualifies
as an exception to the hearsay rule.  

          Out-of-court statements offered for their truth are
inadmissible.  Tex R. Evid. 802. 
However, a hearsay exception exists for statements “relating to a
startling event or condition made while the declarant was under the stress of
excitement caused by the event or condition.” 
Tex R. Evid. 803(2).  A
simple narrative of past events is disqualified from consideration as an
excited utterance regardless of how soon after the event it is made.  First
Southwest Lloyds Ins. Co. v. MacDowell, 769 S.W.2d 954, 959 (Tex.
App.—Texarkana 1989, writ denied) citing Gulf,
C. & S.F.R. Co. v. Moore, 69 Tex.
157, 6 S.W. 631 (1887).

          Based on Ortiz’s affidavit and deposition, there is no
evidence that Hahn’s testimony to the police qualifies as an excited
utterance.  Hahn was not a witness to the
car accident, and nowhere in the record does it indicate that he was under
stress or spoke with excitement.  In the
absence of more specific information, the trial court reasonably could have
concluded that Hahn’s statements to the police officer were presented in the
narrative format determined by MacDowell
to be preclusive of the excited utterance exception.  

          The “present sense impression” hearsay exception is
similarly inapplicable.  A present sense
impression is “[a] statement describing or explaining an event or condition
made while the declarant was perceiving the event or condition or immediately
thereafter.”  Tex. R. Evid. 803(1).  Contemporaneity
between the event and the statement is the lynchpin of this exception.  Fischer
v. State, 207 S.W.3d 846, 855 (Tex. App.—Houston [14th Dist.] 2006,
pet. granted). The record contains no evidence to indicate that Hahn’s
statement was contemporaneous with his alleged observation of the Centerpoint
truck turning around in Ortiz’s pasture. 
The trial court thus did not abuse its discretion in concluding that
Hahn’s hearsay statement does not qualify as a present sense impression.  

Second, appellants assert
that the trial court erred by striking the portion of Ortiz’s affidavit in
which he testifies that Centerpoint’s “trucks are too wide to turn around on
the single laned road on CR 601 . . . without getting off the road in some
manner . . .”  The trial court reasoned
that the statement was self-serving, without a factual basis, and contradicted
by Mr. Ortiz’s deposition testimony.  

Statements made without a
factual basis, otherwise known as conclusory statements, cannot support or
defeat summary judgment.  Marshall v. Sackett, 907 S.W.2d 925 (Tex.
App.—Houston [1st Dist.] 1995, no writ). 
Here, Ortiz offers no factual basis for his statement.  He did not see the Centerpoint truck that
day, and demonstrated no personal knowledge regarding its turning radius.  

Third, appellants contend
that the court improperly removed Ortiz’s deposition from the record, and then
improperly refused to consider the untimely filed index.  A trial court is not required to search the
record for evidence raising a material fact issue without specific guidance
from the non-movant.  Rogers v. Ricane Enters., Inc., 772
S.W.2d 76, 81 (Tex.
1989); Guthrie v. Suiter, 934 S.W.2d
820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ).  Here, appellants filed deposition references
in response to the trial court’s concern that the deposition was too
lengthy.  We have reviewed the deposition
and its references, and conclude that, other than the statements previously discussed,
none of the references attempt to controvert Goodman’s statement that he did
not open the gate.  Rather, the
references describe the scene and the weather that day.  Thus, even reviewing the deposition with its
references, we conclude that it does not raise a fact issue.    

Finally, appellants contend that the trial
court, having refused to consider Ortiz’s deposition, should not have permitted
Centerpoint to cite to the deposition to substantiate its claim of
contradictory language in Ortiz’s affidavit and deposition.  As we have considered both parties’
references in evaluating this appeal, appellants’ contention does not warrant
reversal. 

Question of Fact

          In
their last issue, appellants contend that circumstantial evidence supports the
claim that Centerpoint employees opened the gate, raising a fact issue.  Appellants reason that because “evidence
provided by the non-movant will be taken as true,” and that circumstantial
evidence “points strongly to Centerpoint entering the pasture,” the trial court
should have denied summary judgment. 
They note that circumstantial evidence can defeat a no-evidence summary
judgment.  See Aust v. Conroe
Indep. Sch. Dist., 153 S.W.3d 222, 226 (Tex. App.—Beaumont 2004, no pet.).  

          Material
facts can be established with direct evidence, circumstantial evidence, or a
combination of both.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex.
2004). 
More than a scintilla of evidence exists when the evidence
supporting the finding, as a whole, “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.”  Merrel
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  Circumstantial evidence, however, does not amount
to a scintilla if it is “so weak as to do no more than create a mere surmise or
suspicion” of the fact’s existence.  Ford
Motor, 135 S.W.3d at
601.  

          The
only possible fact that would create more than a mere suspicion that the
Centerpoint employees turned around in Ortiz’s pasture is Hahn’s alleged
hearsay statement that Centerpoint employees opened the gate to turn around
their truck.  But Hahn did not offer an
affidavit or testify, and we have held that the trial court did not abuse its
discretion in excluding Ortiz’s statement about what Hahn said.  The mere fact that a Centerpoint truck
traveled down the country road on the day of the accident, without more, does
not raise a fact issue that Centerpoint’s negligence caused the accident.  

Conclusion

          We conclude that the trial court correctly granted summary judgment
in favor of Centerpoint.  We therefore
affirm the judgment of the trial court.  

                                                

                                                          

Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.