**H. L. COCKRUM et al., Appellants,**

**v.**

**George D. UNDERWOOD, Appellee.**

**No. 6093.**

Court of Civil Appeals of Texas.

Beaumont.

April 4, 1957.

Rehearing Denied May 15, 1957.

Hay, Kirk & Baggett, Houston, for appellants.

James E. Faulkner, Coldsprings, Dow & Dow, Houston, for appellee.

HIGHTOWER, Justice.

The trial court was petitioned by George Underwood to enjoin H. L. Cockrum, and others, from holding a trustee's sale of property belonging to Underwood and upon which Cockrum held Underwood's note for approximately one-half of the purchase price which was secured by deed of trust as an express second lien against the property. From an adverse judgment of the trial court, H. L. Cockrum, et al., have appealed, alleging generally that the appellee was in default in the payments of the notes, taxes and insurance under and by the express provisions of the notes and deeds of trust secur-

ing both the first and second liens, and that the trial court was therefore in error in enjoining the trustee's sale as aforesaid.

The petition in the trial court alleged, as does appellee's counter-points here, the pendency of a prior suit between the same parties involving the same property as reasons for maintaining the status quo by injunction; payment, and tender before maturity of payment.

The relief sought by appellee could not be properly granted by the trial court by reason of the pendency of the prior suit as aforesaid, for the reason that such suit was in the nature of a tort action by appellee against the appellant, and in nowise purported to be determinative of title to, or possession of, the property in question, or of the other matters herein considered.

The deed of trust authorized foreclosure of the second lien upon default of payments under the first lien note, but the evidence appears undisputed that at the very time of the attempted sale there existed a valid agreement, between the first lien holder and appellee, extending the time of such payments beyond the alleged default date, and the appellant does not profess to be a holder without such knowledge as would render such agreement ineffective as to him.

Though there is conflict in the evidence as regards actual payment of the monthly installments under the second lien note prior to the date of the attempted sale, the evidence supports the trial court's conclusion that all such installments had been properly paid to the date of the attempted sale. It appears that the appellee attempted to pay the last sum due by check. The appellants do not deny that such amount was timely tendered, but complained for the first time on the hearing for injunction, that it was tendered by check and, therefore, properly refused by appellants.

When a tender is refused for reasons other than the medium tendered, one may not later, as in the case at bar, complain of the medium of tender; 40 Tex. Jur., pg. 852; Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065.

The note and deed of trust before us, under which foreclosure has been sought, fails to reflect any provisions or covenants for the payment of taxes and/or insurance on the property in question, and concluding that the evidence justified the trial court's ruling, the judgment is affirmed.