**L. W. LITTLEJOHN, Appellant,**

v.

**Emma Cone JOHNSON et al., Appellees.**

No. 3705.

Court of Civil Appeals of Texas.

Waco.

Jan. 21, 1960.

Mrs. W. R. Littlejohn, Beeville, for appellant.

Lawrence Jack Moore, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing. Parties will be referred to as in the Trial Court. Heretofore plaintiff, L. W. Littlejohn, with Honorable Howell Ward as his principal attorney, instituted suit in Freestone County for title and possession of certain land. There were several defendants, including Texaco Inc. Judgment in such case was rendered on *23 April 1959* awarding Plaintiff Littlejohn title and possession to the

land, and in addition awarding him a money judgment for $4,907.15 against Texaco Inc. This judgment was not appealed. On *5 May 1959* the attorney for Texaco (whose office is at Houston) telephoned and wrote Attorney Ward, (whose office is in Corpus Christi), that he was mailing him a check for $4,917.65 (the amount of the judgment plus a few days' interest), and a release of judgment to be signed by Mr. Littlejohn. On *5 May 1959* Attorney Ward wrote Plaintiff Littlejohn, (whose office and residence are in Beeville), that Texaco was sending a *check* to pay the judgment and a release of judgment for execution, and requested Mr. Littlejohn to come in. On *6 May 1959* Plaintiff Littlejohn wrote Attorney Ward that he received his letter and would be in his office (in Corpus Christi) on *8 May 1959.* Plaintiff Littlejohn came to Attorney Ward's office on *8 May 1959;* was presented with the release; signed same; and was then presented Texaco Inc.'s check for $4,917.65. Such check was made payable to *"L. W. Littlejohn and Howell Ward"*, and stated, "In payment of all sums recovered by L. W. Littlejohn from the Texas Company in final judgment entered in the case of Littlejohn v Johnson et al, No. 5219–B, 87th District Court, Freestone County, Texas." Such check bore on the back thereof, when handed to Plaintiff Littlejohn, the following endorsement: "Pay to order of L. W. Littlejohn, /s/ Howell Ward."

Plaintiff Littlejohn then returned the check to Attorney Ward's partner (Attorney Ward being out of the room), and instructed that the release of judgment was not to be delivered. Plaintiff Littlejohn then returned to Beeville, and on *9 May 1959* (the next day) wrote to Attorney Ward that he refused to accept the check because it was payable to Attorney Ward as well as himself; that he was offended by this fact; and instructed Attorney Ward to return the check to Texaco Inc., and request that they issue a new check payable only to L. W. Littlejohn, and with

6% interest to be added to the new check to the date of issuance. On *8 May 1959* Attorney Ward mailed the Texaco Inc. check to Mr. Littlejohn, but Mr. Littlejohn had not received it at the time he wrote the letter of *9 May 1959* to Attorney Ward. At some point Attorney Ward sent the signed release of judgment to Texaco Inc. On *11 May 1959* Plaintiff Littlejohn returned the check to Attorney Ward, stating that he refused to accept it until the conditions met in his letter of *9 May 1959* were accomplished, (viz. issuance of a new check payable to L. W. Littlejohn only). On *17 June 1959* Attorney Ward returned the check by mail to Plaintiff Littlejohn; on *19 June 1959* Mr. Littlejohn mailed the check to Texaco, and demanded that they reissue the check payable to him only, and in an amount to include interest at 6% to the date of issuance. Texaco thereafter filed the release of judgment for record in Freestone County and sent the check herein involved to the District Clerk of Freestone County with instructions to deliver it to Mr. Littlejohn on demand. On *20 July 1959* Plaintiff Littlejohn filed this cause for declaratory judgment and payment of the judgment in the prior proceeding. Defendant Texaco filed motion for summary judgment. Both sides filed various other pleadings and affidavits. It is our view that the material facts are without dispute, and are as related herein.

The Trial Court, after hearing, granted Texaco's Motion for Summary Judgment, and denied Plaintiff Littlejohn all relief sought. Plaintiff Littlejohn appeals, contending, among other things, that the Trial Court erred in rendering Summary Judgment for Texaco, because there was a controverted issue of material fact as to whether Texaco's check of *5 May 1959,* drawn payable to "L. W. Littlejohn and Howell Ward" was a valid and effectual payment or tender of the judgment, and whether Littlejohn ever accepted same.

■ We think the sole issue in the case is whether or not the tender of pay-

ment to Mr. Littlejohn was legally sufficient.

In the absence of an agreement to the contrary, tender of payment, when money is called for, is not valid when made by check. Muldrow v. Texas Frozen Foods, Tex., 299 S.W.2d 275. However, when a tender is refused for reasons other than the medium tendered, one may not later, as in the case at bar, complain of the medium of tender. Cockrum v. Underwood, Tex.Civ.App., 301 S.W.2d 953, (No Writ Hist.), 40 Tex.Jur. p. 852; Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W. 2d 1065. Moreover, a check constitutes actual payment where the circumstances disclose that the parties so intended. MacDonald v. Carlisle, 146 Tex. 206, Ct., 206 S.W.2d 224.

The record reflects that Mr. Littlejohn understood he was to be paid by check, and agreed to accept payment by check. The only conditions, therefore, that the law can impose are that the check be for the proper amount, and that Mr. Littlejohn could cash it upon endorsement by himself. The check tendered Mr. Littlejohn was in the proper amount, and although drawn to: "L. W. Littlejohn and Howell Ward", it had already been endorsed: "Pay to L. W. Littlejohn" by Howell Ward, before it was handed to Mr. Littlejohn. All Mr. Littlejohn had to do to receive his money was to endorse the check and present it for payment. Mr. Littlejohn objected *solely* on the ground that he was offended at the name of his attorney being included in the check. He did not object to payment by check as such. In fact he demanded the reissuance of the check with his name only as the payee. The check tendered has been at Mr. Littlejohn's disposition since *8 May 1959,* and is subject to his order at this time.

The undisputed and uncontroverted facts show that Mr. Littlejohn waived any ob-jection he might have had to the medium of tender, so that an effective tender was made to him as a matter of law. The check of *5 May 1959* although made out to Howell Ward as well as Mr. Littlejohn, had already been endorsed by Attorney Ward, at the time that Mr. Littlejohn first received it on *8 May 1959,* and Mr. Littlejohn could have received payment on such check at any time that he endorsed it and presented it for payment.

But Mr. Littlejohn complains that it was *his judgment,* and that he was entitled to a check *with his name only thereon.* The relatively insignificant fact, that Howell Ward's name was on the check, when considered in conjunction with the further facts that he was Mr. Littlejohn's attorney, and that he had endorsed the check to Mr. Littlejohn prior to delivery of same to Mr. Littlejohn, brings the transaction within the scope of the principle of "de minimis non curat lex." While perhaps the responsible officers and/or employees of Texaco were not as tactful as they could have been, and might have avoided this controversy by issuing another check, still it does not follow that Mr. Littlejohn has a justiciable controversy with them. For a factual situation to constitute a "justiciable controversy", there must be a real and substantial controversy involving a genuine conflict of tangible interests, rather than a theoretical one.

We think there was no controverted issue of material fact; and that the judgment of the Trial Court was correct. Since a valid tender was made under the circumstances, it is not material whether Mr. Littlejohn accepted it or not. All of plaintiff's points have been carefully considered and are overruled.

The judgment of the Trial Court is affirmed.