**F. M. CHANCEY, Appellant,**

v.

**Merlin O. WILSON et al., Appellees.**

**No. 7347.**

Court of Civil Appeals of Texas.

Amarillo.

April 20, 1964.

Thomas J. Griffith, Jr., Lubbock, for appellant.

Dell Barber and Perry Barber, Colorado City, for appellees.

DENTON, Chief Justice.

F. M. Chancey, plaintiff below, sought the cancellation of a five-year written lease on 1920 acres of grazing land in Bailey County, Texas. Plaintiff brought this suit against Merlin O. Wilson, lessee under Nora Harding, the former land owner, and Bill Bradley and Dick Brantley, sublessees of Wilson. The lease was executed by Miss Harding and Wilson in March, 1961, and on May 8, 1961, Miss Harding deeded the land to Chancey. Trial was before a jury, and in conformity with the jury verdict the trial court entered judgment declaring the lease in full force and effect; and awarded the defendant and cross-plaintiff Wilson $328.09 actual damages for the lost sale of sand and gravel from the premises and $300.00 exemplary damages.

The original lease contained the provision: "All revenue from sand and gravel hauling @ $1.00 per lld. is to be paid to Mr. Wilson as long as he leases the land." Chancey purchased the property subject to the lease and had actual knowledge of it. There was evidence that the sand and gravel from the premises was purchased largely by the county commissioners of Bailey County. On September 15, 1962, and December 7, 1962, appellant's attorney wrote letters to the county judge of Bailey County advising that official of Mr. Chancey's ownership of the property and asserting that Mr. Chancey had not authorized the removal of sand from the property. The letters indicated authorization must first be obtained from Chancey before sand could be taken. The letter of December 7 further demanded the payment of twenty-five cents per yard royalty for all sand taken. These letters formed the basis of Wilson's cross-action for actual and exemplary damages. The jury found Mr. Chancey was prompted by malice toward Mr. Wilson at the time he caused the letters to be delivered, and that such letters caused Mr. Wilson to suffer a pecuniary loss.

█ Appellees challenge appellant's first two points of error on the ground that they are mere abstractions and are too general in violation of briefing rules. Rule 418, Texas Rules of Civil Procedure. Although appellees' challenge has some merit, we overrule such contention. In accordance with the intent of the rules the Court will indulge a liberal interpretation of the rules in favor of the sufficiency of appellant's brief and give effect to it since we can ascertain the issues to be determined by the statements and arguments thereunder.

█ Appellant's first point of error concerns the alleged error in awarding the actual and exemplary damages. The two letters in question were written by appellant's attorney. There are no pleadings or evidence to support the conclusion such letters were written with the prior knowledge or consent of appellant. Mr. Chancey's testimony could be interpreted in such a way that he was in agreement with the content of the letters, but this is not sufficient to support the award of punative damages. It is a well-settled general rule that in order to render a principal liable in exemplary damages for the act of his agent, the agent's act must have been previously authorized by the principal or subsequently ratified. Sorenson Co. v. Bell, (Tex.Civ. App.), 326 S.W.2d 271, (Refused, NRE); Wright v. E–Z Finance Co., (Tex.Civ. App.), 267 S.W.2d 602, (Refused, NRE); Valencia v. Western Compress & Storage Co., (Tex.Civ.App.), 238 S.W.2d 591, (Refused, NRE); Strauss v. Dundon, (Tex. Civ.App.), 27 S.W. 503. We conclude there are no pleadings or evidence to support the jury finding awarding exemplary damages against appellant. Nor is there any evidence of probative force to establish the pecuniary loss suffered by Mr. Wilson from the alleged lost sale of sand and gravel by reason of the letters. The only testimony offered in this respect was that of a county

commissioner of Bailey County. He testified he stopped buying sand from the premises after the second letter was received, but he could not say how much he would have purchased had the letter not been received. Appellant's first point of error is sustained.

■ Complaint is also made of the refusal of the trial court to admit into evidence two letters, to-wit: A letter written by Miss Harding's attorney to appellant's attorney, and a letter by appellant's attorneys addressed to Miss Harding. These letters are obviously hearsay as to appellees and the trial court was correct in sustaining appellee's objection on this ground.

■ Appellant's third and fourth points of error contend the trial court erred in overruling appellant's motion for judgment non obstante veredicto on the ground the lessees made no legal tender of rentals due and owing in March, 1963; and the trial court's error in amending its judgment by allowing appellees to substitute cash for the checks previously tendered into court. It is undisputed Bradley and Brantley had mailed the checks in the amount of $1,500.00 each to Chancey prior to the due date. These checks were returned by Chancey's attorney some thirty days after their receipt. As the letter accompanying the returned checks was not introduced into evidence, we do not know its contents. However, from the record it is apparent the objection that the tender of rentals was not legal tender was made for the first time in appellant's motion for judgment non obstante veredicto. Appellant's pleadings did not raise this issue and no special issues were submitted on this contention. By pleadings and the evidence appellant contended the checks were refused because Mr. Wilson, the original lessee, did not pay such rental; that the sublessees grazed more than 150 cattle on the land in violation of the terms of the lease. When a tender is refused for reasons other than the medium tendered, one may not later, as in this case,

complain of the medium of tender. Gulf Pipeline Co. v. Nearen, 155 Tex. 50, 138 S.W.2d 1065; Cockrum v. Underwood, (Tex.Civ.App.), 301 S.W.2d 953.

■■ The trial court entered its judgment on May 3, 1963. On May 24 the court heard appellant's motion for new trial and on June 11 the court overruled said motion and on the same day amended its judgment of May 3 which read in part:

"It further appearing to the Court that defendants, Dick Brantley and Bill Bradley, have tendered into this Court their two checks totaling the sum of $3,000.00 in payment for the 1963 lease rental due March 10, 1963, and the Clerk of such Court is directed to deliver such checks to the plaintiff, F. M. Chancey, upon his request and the execution of proper receipt therefor."

to read:

"It further appearing to the Court that the defendants Dick Brantley and Bill Bradley, have exchanged $1500.00 in cash for their checks heretofore presented in this cause in payment for the 1963 lease rental due March 10, 1963; and the Clerk of such Court is directed to deliver such $3000.00 in money to the plaintiff, F. M. Chancey, upon his request and execution of proper receipt therefore."

The court retains for a limited time an inherent power to set aside, modify or amend the court's judgment without the necessity of a formal, written or oral motion by a party. Payton v. Hurst Hospital & Clinic, (Tex.Civ.App.), 318 S.W.2d 726, (Refused, NRE); Rules 317 and 330, Texas Rules of Civil Procedure; McDonald Texas Civil Practice, Section 1803. The decretal portion of the May 3 judgment and the amended judgment are the same. In view of our holding that the checks, under the circumstances, were proper tender, we are of the opinion the amendment was not erroneous.

The copy of the lease retained by Wilson and the copy turned over to Mr. Chancey by Miss Harding differed in that the phrase "he will not assign this lease or sublet any part of the farm without the written consent of the landlord" was deleted in the Wilson copy. Appellant's original petition alleged this clause appeared in the lease. Appellees' original answer contained the following allegation:

"For further answer herein, defendants say that the lease referred to in plaintiff's petition is in full force and effect, and that it was definitely understood between the parties at the time of the execution of such lease that the said Merlin O. Wilson would have the right to sub-let such lands for the purpose of grazing cattle thereon or take in partners for such purpose as long as he retained possession under such lease. And, it was definitely understood between the parties that Merlin O. Wilson did not have any cattle and his sole purpose for acquiring such land was in order to sell sand and gravel therefrom, and that other persons would graze cattle thereon under the terms of such lease."

It is appellant's contention that appellees' allegations constitute a judicial admission. We are unable to agree. Appellees' whole defense depended upon the validity of the lease. After acknowledging the validity of the lease, the appellees pleaded the intention of the parties was to grant the rights to Wilson to sublet the premises. Letters from Miss Harding to Wilson corroborate this pleading. It is to be further noted Chancey accepted and deposited a check from Tom Neff, Wilson's first sublessee, for the annual rental due in March, 1962. Appellant's fifth point of error is overruled.

Appellant's sixth point of error complains of the trial court's granting appellee Bill Bradley "title and possession" of the premises along with Dick Brantley. Appellant's contention is based on the fact Bradley was not a party to the written sublease between Wilson and Brantley. Appellant's pleadings do not support this contention. We are also of the opinion there was evidence to support the jury finding that appellant waived his right, if any he had, to complain of the subleasing by Wilson to Bradley and Brantley. The latter two sublessees were partners in the cattle venture and there is evidence Chancey had knowledge of this fact. It is undisputed both Bradley and Brantley timely tendered their checks for their respective share of the rentals. We find no reversible error in the judgment's recital: "That the defendants, Dick Brantley and Bill Bradley, have their title and possession of such premises as sublessees of Merlin O. Wilson—."

The judgment of the trial court allowing recovery by Merlin O. Wilson of $328.09 actual damages and $300.00 exemplary damages is reversed and judgment is here rendered denying any recovery of damages; and as so reformed, the judgment of the trial court is affirmed.

Affirmed in part and reversed and rendered in part.