Barbara LAW, Appellant,

v.

Charles LAW, Appellee.

No. 12188.

Court of Civil Appeals of Texas,
Austin.

Dec. 11, 1974.

Rehearing Denied Jan. 8, 1975.

Russell G. Ferguson, Ferguson & Ferguson, Austin, for appellant.

Bryan Rudy, Levbarg & Weeks, Austin, for appellee.

O'QUINN, Justice.

Appellant was plaintiff below in a divorce action and has appealed only from that part of the trial court's judgment under which property of the parties was divided.

Charles Law, the appellee, and Barbara Law, the appellant, were first married on June 15, 1968, and that marriage terminated with a divorce on June 2, 1971. The parties remarried on March 23, 1972, and lived together until their separation on September 22, 1972, when this suit was filed. Trial was before the court on December 14, 1972. Judgment was entered, granting appellant a divorce and decreeing a division of property, on March 21, 1974. Thereafter, on April 18, 1974, the trial court amended the judgment, 28 days following the original judgment.

Appellant brings five points of error. We will overrule all points of error and affirm the judgment of the trial court.

Under the first point appellant complains that the amended judgment, entered by the trial court on April 18, 1974, failed to vacate the first judgment entered on March 21, 1974, which failure, appellant contends, rendered the second judgment a nullity. Appellant also argues that reasonable notice of the hearing, at which the second judgment was entered, was not accorded appellant as required by Rules 316 and 317, Texas Rules of Civil Procedure.

The only difference between the first judgment and the second decree is that in the last judgment the trial court awarded

appellant $227.11 as her community interest in a Hammond organ instead of all interest in the organ. Prior to entry of the first judgment both parties submitted proposed drafts, and both parties at that time suggested to the court that appellant receive, as her interest in the organ, the sum of $227.11, which the parties agreed was one half of the community equity in the organ, against which at the time of trial there remained a community debt of $2,280. In rendering the original judgment, the trial court awarded the organ to appellant, but upon the matter being called to the court's attention by motion appellee filed, the court amended the judgment to conform to the request of both parties made prior to entry of the first judgment.

Appellee's motion to reform the judgment was filed on April 17, 1974. On the afternoon of the day before the filing, counsel for appellee advised appellant's counsel that the motion would be filed, stated the nature of the motion, and suggested that a hearing would be held on the motion on the afternoon of April 18. Counsel for appellant advised appellee's counsel that although he could be present at the hearing, he did not choose to appear. The hearing was held, and the judgment entered at that time recited that counsel for appellant, though notified by opposing counsel, declined to appear, although able to be present. The record shows that counsel for appellant was furnished a copy of the motion on the morning of April 18, prior to the hearing.

■ The decree of March 21 would not have become a final judgment until 30 days thereafter under Rule 329b, Texas Rules of Civil Procedure. The rule as to amending or reforming judgments in this period is stated by McDonald: "After rendition of a 'final' judgment, the trial court retains for a limited time an inherent power to set aside, modify, or amend the same without the necessity of a formal written or oral motion by a party, or for reasons not incorporated in a motion duly filed."

4 McDonald, Texas Civil Practice, sec. 18.-03 (1971).

Cases in which the rule has been applied include Payton v. Hurst Eye, Ear, Nose and Throat Hospital and Clinic, 318 S.W.2d 726, 734 (Tex.Civ.App. Texarkana 1958, writ ref. n. r. e.); Perry v. Copeland, 323 S.W.2d 339, 345 (Tex.Civ.App. Texarkana 1959, writ dsmd.); Chancey v. Wilson, 378 S.W.2d 395, 398 (Tex.Civ.App. Amarillo 1964, no writ); Affolter v. Affolter, 389 S.W.2d 742, 743–744 (Tex.Civ.App. Corpus Christi 1965, no writ).

■ Appellant complains that proper notice of the hearing was not accorded under Rules 316 and 317. After being notified, appellant's counsel rested on the Rules and declined to appear at the hearing, although admittedly able to attend. Appellant has made no showing of injury resulting from defect in the notice received. Appellant knew in advance of the hearing the nature of the amendment proposed and knew when and where the hearing would be held, yet counsel refused to appear. The only change made in the second judgment was to cause the decree to conform to the request which both appellant and appellee had made of the court prior to the first judgment; that is, that appellant be awarded in cash her interest in the community equity in the Hammond organ, instead of the organ, against which there was a debt of $2,280. Rather than oppose the proposed motion, counsel for appellant elected to stand on lack of notice. We overrule appellant's contentions based on lack of notice. Wright v. Longhorn Drilling Corporation, 202 S.W.2d 285, 287 (Tex.Civ.App. Austin 1947, writ ref.); Leonard v. State, 242 S.W.2d 199, 200 (Tex.Civ.App. San Antonio 1951, no writ).

■ In contending that the second judgment was fatally defective for failure to *vacate* the first decree, appellant relies upon the authority of Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83 (1941). The judgment entered on April 18 is titled "Amended Decree of Divorce," in which

the recitations are made that: "The Court first entered a Decree of Divorce on March 21, 1974. . . . The Court is of the opinion after hearing in open court at which only Respondent's attorney appeared, that the *amended Decree should be entered*." (Emphasis added)

■ We hold that the second judgment, showing on its face that the order amended the original decree, was sufficient to vacate the first judgment. In Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360 (1899) the Supreme Court held that a judgment, "reformed" by a subsequent decree, in effect was "vacated" by the later judgment. The Supreme Court recently held that a "corrected" final judgment replaced a prior judgment. City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722, 727 (Tex.Sup.1971). We find no legal difference between *reforming* and *amending* a judgment. In their common usage, the verbs *reform* and *amend* are synonymous when applied to a writing which is corrected, modified, rectified, or otherwise freed of fault.

Appellant's contentions under the first point of error are overruled.

■ Under the second and third points of error appellant contends that the decree purporting to terminate the first marriage between the parties was invalid and that, therefore, the first marriage continued until finally terminated by the judgment of divorce in the lawsuit now on appeal. Under such contentions appellant seeks to reopen the property settlement, made by agreement of the parties in the first divorce proceedings, and obtain division of community property in this suit as if no prior division had been made.

Appellant relies upon Rule 306, Texas Rules of Civil Procedure, in contending that the divorce judgment of June 2, 1971, which purported to terminate the first marriage between the parties, is a nullity because it does not state "for and against whom the judgment is rendered." That

judgment, which is found in the record in this appeal, decrees that "the bonds of matrimony heretofore existing between Petitioner and Respondent be dissolved and henceforth held for naught and of no further force nor effect."

The judgment of June 2, 1971, also recites that the cause was heard ". . . wherein BARBARA GAYE LAW *is the Petitioner* and CHARLES R. LAW is the Respondent, and *came the Petitioner and her attorney and announced ready* for trial and the *Respondent having waived the issuance and service of citation* and having *entered an appearance herein for all purposes* as shown by his sworn waiver and entry of appearance . . . no jury being demanded by either party, the Court, after reading, hearing and considering *the pleadings, the evidence,* and the argument of counsel thereon, being of the opinion and finding that the *material allegations contained in the Original Petition* are proven [sic] and that the following judgment should be entered . . ." (Emphasis added)

The judgment also recited that the parties had "amicably divided their community property by written agreement filed" in court, and decreed that the property of the parties be "awarded in accordance with said written agreement . . ."

■ It is obvious from the record that in the original divorce proceedings the appellant in this suit was the only party seeking a divorce, and that dissolution of the marriage was granted upon allegations of her petition and the evidence introduced by her at the trial. Appellee in that suit did not make a personal appearance, but instead filed his sworn waiver of service and entry of appearance. It does not require a complicated process of reasoning to conclude that the trial court in the first divorce case granted the petitioner a judgment divorcing her from the respondent who filed no pleadings, except his sworn waiver, and was not present at the hearing and offered no evidence. Under similar

facts another court of civil appeals recently reached the same conclusion. Blancas v. Blancas, 495 S.W.2d 597, 602 (Tex.Civ. App. Texarkana 1973, no writ). As pointed out by that court, the Texas Family Code, which became effective January 1, 1970, and is the law of this case, authorizes a divorce "without regard to fault." (V.T.C.A., Family Code, sec. 3.01; Acts 1969, 61st Leg., ch. 888).

In connection with the two points of error under discussion, appellant complains that findings in the trial court's judgment of April 18, 1974, characterize the property of the parties as being entirely community in nature, whereas findings of fact and conclusions of law later filed by the court, on May 8, 1974, found some property to be separate and other property to be community. The findings of fact, filed after the judgment, are controlling if any conflict exists with the recitations of the judgment. Hood v. Adams, 334 S.W. 2d 206, 209 (Tex.Civ.App. Amarillo 1960, no writ). Inasmuch as we will affirm the award of the items of property as determined by the trial court, we do not deem it necessary to modify the judgment to conform to the findings of fact filed after the judgment, the recitations as to which items were community and which were community being immaterial.

Appellant contends under the fourth point that the trial court failed to file findings of fact and conclusions of law within the time prescribed by Rules 296 and 297, Texas Rules of Civil Procedure. This contention is made upon the mistaken belief that the final judgment in this cause was the first filed, on March 21, and not the amended judgment filed on April 18, 1974.

A trial court has until thirty days before the time for filing the transcript in the court of civil appeals in which to file findings and conclusions requested by a party. In this case the transcript, after the judgment of April 18, was due to be filed by June 17, 1974. Therefore filing of the findings and conclusions on May 8 was timely and in compliance with Rule 297. After the findings and conclusions were filed, appellant failed to request additional or amended findings authorized under Rule 298. Having failed to make request for additional findings within five days, appellant waived any error in the findings.

Under the final and fifth point appellant contends that the "conclusive evidence shows that the court seriously abused its discretion and erred in dividing the property of the parties."

The position appellant takes under this point rests mainly upon her contention, which we have overruled, that the first divorce and the property settlement made at that time between the parties were a nullity. In the present suit, brought after the parties had been married only about six months, the trial court heard all the evidence offered by the parties surrounding the first divorce and division of their property at that time. Every contention made by appellant on appeal was heard by the trial court, and we have been unable to find that the court excluded any evidence as to noncompliance by either party with respect to the property settlement. It appears that appellee was unable to sell a sailboat and a truck, so was unable to divide the proceeds with appellant, in compliance with the agreement. It also appears that appellant failed to discharge certain debts she agreed to assume, but did accept money and payments from appellee, in reliance on the settlement agreement.

The trial court awarded appellant all household furniture, one half of the community interest in one Hammond organ ($227.11), a 1968 Volkswagen sedan, a Kenmore dryer, a Kenmore washer, all her jewelry, a watch, and clothing and personal effects in her possession, and $1,000 in cash. To appellee the trial court awarded a grandfather clock, one 1968 Ford pickup, a mobile home, a converted bus, a lot in "City of Bryan, Bryan County [sic], Texas," a world service life insurance policy, a

united service life insurance policy, Air Force Retirement benefits, one sailboat, all personal property in his possession, and one Hammond organ. Each party took property subject to any indebtedness. In awarding $1,000 in cash to appellant, the trial court considered her community interest, acquired during the second marriage, in appellee's military retirement benefits, and did not reopen the settlement of that interest which the parties made at the end of the first marriage.

 Article 3.63 of the Family Code (formerly Art. 4638, V.A.T.S.) provides, "In a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . .." In decreeing a division of the parties' property in a divorce action, the trial court is controlled by what the facts may lead the court to believe is just and right. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (1939). No separate property of either party was awarded the other party, and all community interests found by the court were divided equally between appellant and appellee. Appellant was awarded her attorney's fee.

We do not find from the record that the trial court acted arbitrarily, or that there has been shown any abuse of discretion. The division of property made by the trial court, acting within its discretion, should be corrected on appeal only when an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Renfro v. Renfro, 497 S.W.2d 807 (Tex. Civ.App. Waco 1973, no writ). There is a presumption on appeal that the trial court correctly exercised its discretion in dividing the property, and the burden rests upon appellant to show from the record that the division was so disproportionate as to be manifestly unfair. Dorfman v. Dorfman, 457 S.W.2d 417 (Tex.Civ.App. Texarkana 1970, no writ); Harrison v. Harrison, 495 S.W.2d 1 (Tex.Civ.App. Tyler 1973, no writ); Cusack v. Cusack, 491 S.W.2d 714 (Tex.Civ.App. Corpus Christi 1973, writ dsmd.).

The judgment of the trial court is affirmed.

Affirmed.